**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    Plaintiff,

    -vs-                       **Case No. 16-C-765**
                                **(Criminal Case No. 09-Cr-58)**

**SAMUEL J. POTTS,**

    Defendant-Movant.

# DECISION AND ORDER

Pro se Movant Samuel J. Potts filed a motion ostensibly for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in his criminal case, which the Clerk of Court opened as a civil action for relief pursuant to 28 U.S.C. § 2255. Potts states that § 4B1.2(a) of the United States Sentencing Guidelines was used to enhance his sentence based on his prior robbery conviction, increasing the punishment from 188 to 235 months. Relying on *Johnson v. United States,* 135 S.Ct. 2551 (2015), he asserts that unconstitutionally vague language in USSG § 4B1.2(a) was applied and he is entitled to a reduction of his sentence.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a "'gatekeeping' mechanism for the consideration of 'second or successive federal habeas corpus applications,'" a prisoner must ask the appropriate court of appeals to direct the district court to consider such an application. 28 U.S.C. § 2244(b). *Stewart v. Martinez-Villareal,* 523 U.S. 637,

641 (1998) (citation omitted). Without that authorization, the district court lacks jurisdiction over the petition. *Kramer v. United States,* 797 F.3d 493, 498 (7th Cir. 2015).

In this case, the instant motion is not Potts' first § 2255 motion. After filing a direct appeal which was dismissed as frivolous, *see United States v. Potts*, Nos. 09-3301, 09-3319, 2010 WL 1473977, 371 F. App'x. 675 (7th Cir. April 14, 2010), Potts filed a § 2255 motion which, after briefing, was denied on its merits by this Court. *See United States v. Potts*, No. 11-C-1142, Decision and Order and Judgment entered on Aug. 13, 2013 (E.D. Wis.) (ECF Nos. 65, 66.) Consequently, this § 2255 motion is a successive motion for purposes of the AEDPA, and this Court lacks jurisdiction. *See Kramer,* 797 F.3d at 498. In order to proceed further with the Guideline-*Johnson* issue, Potts must first obtain permission from the Seventh Circuit Court of Appeals to file a successive § 2255 motion.[1] This Court also declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pott's successive § 2255 motion (ECF No. 1) is **DISMISSED** for lack of jurisdiction;

---

[1] The requirements for a filing a request to file a successive petition for collateral review are stated in Seventh Circuit Rule 22.2.

- 2 -

This Court declines to issue a certificate of appealability; and,

The Clerk of Clerk is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2016.

        **BY THE COURT:**

        _____
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**